NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2023 VT 53

No. 23-AP-051

Holly Thurber

v.

Douglas Thurber

Supreme Court

On Appeal from
Superior Court, Windham Unit,
Family Division

June Term, 2023

Katherine A. Hayes, J.

Brian K. Marthage, Bennington, for Plaintiff-Appellant.

Sharon L. Annis of Annis & Goddard, PLC, Brattleboro, for Defendant-Appellee.

PRESENT: Reiber, C.J., Eaton, Cohen and Waples, JJ., and Grearson, Supr. J. (Ret.),
Specially Assigned

¶ 1. **COHEN, J.** Plaintiff appeals the denial of her motion to enforce a provision in the parties' final divorce order that gave her the option to purchase jointly owned real property from defendant. The family division of the superior court concluded that plaintiff's purchase option had expired and that defendant effectively exercised his option to purchase the property instead. We affirm.

¶ 2. The property at issue is a five-acre parcel of land with buildings on the Connecticut River where the parties lived and operated a marina business during their marriage. In the final divorce order, which issued on April 15, 2020, the court found that the net proceeds from the sale of the property would likely be $435,000. The court gave each party the option to buy out the

other's share of the property for $217,500. To exercise her option, plaintiff was required to notify defendant and send him a check for $25,000 by May 15, 2020. She was required to pay the remaining $192,500 to defendant by September 15, 2020. If plaintiff chose not to exercise the purchase option and defendant wished to do so instead, he had to notify plaintiff and send her a $25,000 check by June 15, 2020, and pay the remainder by September 15, 2020. Defendant was permitted to exercise the option earlier if plaintiff announced in writing that she was not going to purchase the property. If neither party wished to purchase the property and business, it was to be sold through a realtor and the proceeds would be split between the parties.

¶ 3.     The final divorce order also denied wife's request for spousal maintenance. Instead, the court divided the marital assets other than the home and business so that husband received assets worth $87,450 and wife received assets worth $158,845, approximately $71,000 of which represented property in lieu of maintenance.

¶ 4.     On May 8, 2020, plaintiff moved to alter or amend the divorce order pursuant to Vermont Rule of Civil Procedure 59(e). She challenged the court's decision to award her the business inventory, arguing that the inventory was worth much less than found by the court and was useless to her because she would not be able to run the marina business. She explained that she was "incapable of running a day-to-day marina and especially long distance" from Florida, where she had moved while the divorce was pending. She asked the court to instead award the business inventory to defendant and to order him to pay her a sum certain from the proceeds of the sale of the real estate. Defendant opposed plaintiff's motion and, on May 28, 2020, moved for the court to immediately rule on plaintiff's motion and to clarify the dates for exercising the purchase option.

¶ 5.     In a May 29, 2020, order, the court reaffirmed its valuation of the inventory but ordered defendant to pay plaintiff for certain inventory items it had specifically awarded to defendant, and for any items listed in the business inventory that were missing. In response to

2

defendant's motion, it ruled that if plaintiff wished to exercise her right to purchase the home and business, she was required to notify the court by June 5, 2020. If she did not do so, defendant could exercise his right to purchase by June 15, 2020, or ask for more time.

¶ 6. On June 11, 2020, plaintiff filed a notice of appeal to this Court. She argued that the trial court abused its discretion in awarding her the business inventory and failed to make findings regarding the amount of maintenance to which she would be entitled. In January 2021, a three-Justice panel of this Court determined that the trial court's findings were insufficient to support the award of property in lieu of maintenance, because the court did not indicate whether the award was replacing rehabilitative maintenance, permanent maintenance, or both; the court's findings regarding wife's current earning capacity were unclear; and the court did not appear to have considered the statutory maintenance guidelines. Thurber v. Thurber, No. 2020-171, 2021 WL 73945, at *3 (Vt. Jan. 8, 2021) (unpub. mem.) [https://perma.cc/76L8-C384]. Because the maintenance and property division decisions were intertwined, the panel reversed the entire order and remanded for further proceedings. Id.

¶ 7. In March 2021, plaintiff moved for the trial court to vacate the final divorce order, asserting that she was entitled to relief based on newly discovered evidence concerning her health and its impact on her ability to gain employment or perform routine daily responsibilities. Defendant opposed the motion, which plaintiff eventually withdrew. In August 2021, plaintiff moved for the trial court to issue a final decision based on this Court's January 2021 order, but did not request any specific relief.

¶ 8. In October 2021, the trial court issued a decision in which it found that any maintenance would be rehabilitative in nature and that wife was currently able to earn at least $30,000 per year. It analyzed the statutory maintenance guidelines and concluded that using the guideline amount would be inequitable. It therefore declined to alter its original property award. On November 16, 2021, the court issued a supplemental order clarifying that it had addressed the

3

issues identified by the three-Justice panel decision and explicitly reaffirming the original April 2020 order.

¶ 9. In January 2022, plaintiff moved to enforce her option to purchase the marina property. Plaintiff asserted that the April 2020 order had given her thirty days to notify defendant of her intent to purchase. She argued that the order was stayed by her motion to alter or amend the judgment and subsequent notice of appeal to this Court, and did not become final until the trial court issued its November 16, 2021 decision. According to plaintiff, she had thirty days from that date to exercise the option and did so by sending a letter with a $25,000 check to defendant on November 30, 2021.

¶ 10. Defendant opposed plaintiff's motion and filed his own motion to enforce the sale of the property to him. Defendant asserted that after plaintiff indicated in her motion to alter or amend that she did not want to purchase the property, he had notified her of his intent to purchase it on June 1, 2020, and mailed her a $25,000 check. At that time, plaintiff responded by offering to sell the property for a much higher price but did not express any interest in purchasing it herself. After the court issued its decision on remand, defendant sent plaintiff a check for the remaining $217,500 along with a quitclaim deed for her to complete. Defendant argued that plaintiff's first appeal did not stay or alter the deadlines for exercising the purchase option, which expired in June 2020.

¶ 11. After a hearing at which the parties presented argument and stipulated to the admission of various documents, including defendant's June 1, 2020, letter to plaintiff, the court issued an order in January 2023 denying plaintiff's motion and granting defendant's motion. The court concluded that the automatic-stay provision in Vermont Rule for Family Proceedings 12(a) did not alter the deadlines set by the order for each party to exercise the purchase option. The court found that plaintiff failed to act on the option by the date set by the court, and the defendant's option, which he exercised on June 1, 2020, was therefore effective. Plaintiff appealed.

¶ 12.    Plaintiff argues that the trial court erred in granting defendant's motion because the April 2020 order was automatically stayed pursuant to Family Rule 12. She contends that the order did not become final until the court issued its final decision on remand in November 2021, at which point she had thirty days to exercise her purchase option.

¶ 13.    "The interpretation of procedural rules is a question of law which we review de novo." State v. Amidon, 2008 VT 122, ¶ 16, 185 Vt. 1, 967 A.2d 1126. When interpreting a rule, we consider its plain language and "construe it as a whole, looking to the reason and spirit of the law and its consequences and effects to reach a fair and rational result." In re Birt, 2020 VT 55, ¶ 9, 212 Vt. 500, 237 A.3d 1263 (quotation omitted).

¶ 14.    Family Rule 12 provides, with certain exceptions not applicable here, that "no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 30 days after its entry or until the time for appeal from the judgment as extended by Appellate Rule 4 has expired." V.R.F.P. 12(a)(1). If a timely appeal is taken, the automatic stay provided for in Rule 12(a)(1) continues during the pendency of the appeal. V.R.F.P. 12(d); In re L.A., 2008 VT 5, ¶ 7, 183 Vt. 168, 945 A.2d 356.

¶ 15.    Under Appellate Rule 4, a notice of appeal must be filed within thirty days after entry of the judgment. V.R.A.P. 4(a)(1). However, the timely filing of a motion to alter or amend the judgment tolls the running of the appeal period until the entry of an order granting or denying the motion. V.R.A.P 4(b)(5). Plaintiff's motion to alter or amend the final divorce order was timely filed within twenty-eight days of that order, and accordingly, the appeal period did not begin to run until May 29, 2020, when the trial court issued its order disposing of that motion. See V.R.C.P. 59(e) ("A motion to alter or amend the judgment shall be filed not later than 28 days after entry of the judgment."); V.R.F.P. 4.0(a)(2) (stating that Rules of Civil Procedure apply in divorce actions, with certain exceptions not applicable here). The pre-appeal automatic stay was therefore

5

in place from April 15 until June 11, when plaintiff filed her notice of appeal. See V.R.F.P. 12(a). The stay remained in effect throughout the pendency of the appeal pursuant to Family Rule 12(d).

¶ 16. The automatic stay prevented the court from issuing a writ of execution or possession while the appeal was pending. V.R.F.P. 12(a), (d); see also V.R.C.P. 69 (explaining process for execution of judgment). It also barred any proceedings to enforce the judgment. Id. The trial court acted consistently with these provisions and did not attempt to enforce the order while the matter was on appeal. Cf. Resnick v. Resnick, No. 2017-149, 2017 WL 2617137, at *1 (Vt. June 12, 2017) (unpub. mem.) [https://perma.cc/7U7G-8DKF] (reversing family court's order granting wife immediate possession of real property pursuant to property-division order while that order was on appeal because automatic stay applied).

¶ 17. However, the automatic-stay provision did not alter the terms of the judgment itself. Nothing in Rule 12 purports to alter or extend deadlines contained in judgments. The final divorce order gave plaintiff until a date certain—May 15, 2020—to notify defendant in writing of her intent to purchase the marina property. Plaintiff instead filed a motion to alter or amend the judgment, arguing that she was unable to run the marina and preferred a lump-sum payment. The court subsequently extended plaintiff's deadline to exercise her option until June 5, 2020. Plaintiff does not dispute that she did not exercise her option by that date. Instead, defendant chose to exercise his option in accordance with the final order by notifying plaintiff in writing and mailing her a check.

¶ 18. In her appeal from the 2020 order, plaintiff did not challenge the portion of the order concerning the purchase option, and she continued to maintain that she had no intention or capacity to operate a marina. It is true that this Court vacated the entire order because it contained insufficient findings to support the award of property in lieu of maintenance. However, the trial court later made the requisite findings and reimposed the same property award without altering the original deadlines for the purchase option. Plaintiff did not appeal the trial court's decision on

6

remand. At that point, the property award became final. Because the terms of the property award remained unchanged, the deadline for plaintiff to exercise her purchase option had long since expired, and the trial court did not err in denying her motion to enforce.

¶ 19.  Plaintiff argues that due process required the trial court to revise the terms of the original order on remand to give plaintiff an opportunity to exercise her purchase option. However, plaintiff did not ask the trial court to extend the deadline for the purchase option in either of the motions she filed while the matter was pending on remand, or appeal the trial court's decisions reaffirming the original order. Plaintiff also did not raise her due-process argument below. Accordingly, she has failed to preserve this claim for our review. See <u>Progressive Ins. Co. v. Brown ex rel. Brown</u>, 2008 VT 103, ¶ 6, 184 Vt. 388, 966 A.2d 666 ("[I]n order to rely upon an argument on appeal, an appellant must properly preserve it by presenting it to the trial court with specificity and clarity." (quotation omitted)).

<u>Affirmed</u>.

FOR THE COURT:

_____
Associate Justice

7