Filed 02/06/25

VERMONT SUPERIOR COURT

Environmental Division                                                Docket No. 22-ENV-00018

32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org



| Ranney Dairy Farm, LLC Major Subdivision Appeal |
| --- |

## ENTRY REGARDING MOTION

Title:          Motion to Require Compliance with VRCP 23[1] (Motion: 11)
Filer:          Fletcher D. Proctor, Esq.
Filed Date:     January 2, 2025

No response filed.

**The motion is DENIED**.

This is an appeal of a major subdivision permit issued by the Town of Westminster (Town) Development Review Board (DRB) to Ranney Dairy Farm, LLC (Applicant) for a subdivision on land that it owns in Westminster, Vermont.  Neighbors Daniel Deitz, Steven Goulas, Sr., Veronica Goulas, Martha Monscrip, Nancy Pike, Michael Sylvester, and Teresa Sylvester (collectively, Neighbors) appealed that decision to this Court.

Neighbors presently move for an order of this Court requiring that the Town file a motion to intervene in this matter to perfect its ability to appear before the Court.  The Court declines to order the Town to file a motion to intervene because it is not required by this Court's procedural rules or statutory law.

"When interpreting a rule, we consider its plain language and 'construe it as a whole, looking to the reason and spirit of the law and its consequences and effects to reach a fair and rational result.'" Thurber v. Thurber, 2023 VT 53, ¶ 13 (quoting In re Birt, 2020 VT 55, ¶ 9, 212 Vt. 500).  Further, when interpreting this Court's rules, set forth in the Vermont Rules of Environmental Court Proceedings (V.R.E.C.P.), the rules must be "construed and administered to ensure summary and expedited proceedings consistent with a fair and full determination in every matter coming before the Court."  V.R.E.C.P. 1.

---

[1] Neighbors' motion states that it seeks compliance with V.R.C.P. 23.  Rule 23 concerns class action lawsuits. The substance of Neighbors' motion makes clear they request compliance instead with V.R.C.P. 24.  The Court understands this to be a typographical error and interprets the motion as requesting compliance with V.R.C.P. 24.

Neighbors' motion is based upon V.R.E.C.P. 5(c).  Pursuant to V.R.E.C.P. Rule 5(c):

> An appellant enters an appearance by filing a notice of appeal as provided in subdivision (b) of this rule. Any other person may enter an appearance within 21 days after the date on which the notice of filing of the last notice of appeal to be filed was served . . . by filing a written notice of appearance with the clerk and by serving the notice of appearance in accordance with [applicable rules]' provided that any person enumerated in 10 V.S.A. § 8504(n)(1)—(3) may file and serve an appearance in a timely fashion.  Any other person who has not previously entered an appearance as provided in this paragraph may enter an appearance by filing a timely motion to intervene.

V.R.E.C.P. 5(c).

Rule 5(c) references 10 V.S.A. § 8504(n)(1)—(3) in noting who may appear in an action by simply filing a timely notice of appearance. This includes a "party by right."  10 V.S.A § 8504(n)(2).  A "party by right" includes "the municipality in which the project site is located and the municipal and regional planning commissions for that municipality."  10 V.S.A § 8502(5)(c).  Neighbors assert that because Rule 5(c) refers to § 8504(n), which generally concerns those who may intervene in a case, then Rule 5(c) necessitates that the Town must move to intervene and may not appear simply by filing a notice of appearance in a timely fashion.

This is not what Rule 5 states.  Rule 5 expressly sets the time by which parties seeking to appear before the Court must file a notice of an appearance after an appeal is filed by an appellant. The Rule then expressly states that only those who do not timely file a notice of appearance must file a motion to intervene to appear before the Court.  See V.R.E.C.P. 5(c).  Thus, those who timely file a notice of appearance are entitled party status unless challenged.[2]

In this matter, the Notice of Appeal was filed on January 28, 2022.  The Town filed its notice of appearance on February 7, 2022.  Thus, the Town timely appeared.

Functionally, Neighbors assert that because Rule 5 references § 8504(n) all non-appealing parties must move to intervene to appear before the Court.  Such an assertion is contrary to the plain language of the Rule stating that only those who do not timely file a notice of appearance must move to intervene.[3]

Neighbors' proposed interpretation is also inconsistent with the spirit of the law and its consequences and effects are not fair or rational.  See Thuber, 2023 VT 53, ¶ 13 (quotation and citation

---

[2] This is consistent with V.R.E.C.P. 5(d)(2), which states that "[a]ny other person who appears as provided in subdivision (c) of this rule will be accorded party status unless the court otherwise determines on its own motion, on motion to dismiss a party, or on a motion to intervene."

[3] Neighbors do not allege that the Town's notice of appearance was untimely.

omitted). Nor would Neighbors' interpretation be consistent with this Court's directive to interpret this Court's rules to ensure summary and expedited proceedings. V.R.E.C.P. 1. For example, while Neighbors' motion only addresses the Town's appearance before the Court, § 8502(5)(c) defines "party by right" as including the applicant.[4] See 10 V.S.A. § 8502(5)(c). To follow Neighbors' interpretation of Rule 5(c), any non-appealing party by right would have to move to intervene before this Court. In cases like the present appeal, where the appealing party is not the Applicant, Neighbors' interpretation of Rule 5 would necessitate that the Applicant file a motion to intervene in an appeal of its own permit application. Requiring an applicant, or other party by right such as a municipality, to file such a motion is inconsistent with the spirit of the Rule, which is to allow for efficient filings of notices of appearance. Neighbors' interpretation would require parties by right to file additional motions to appear before the Court.[5]

This consistent approach of the Environmental Division does not deprive parties of challenging the standing of other parties. If a party believes that a notice of appearance is filed by a party without standing, it may move to dismiss that party. See V.R.C.P. 12(b); see also V.R.E.C.P. 5(d)(2) ("Any other person who appears as provided in subsection (c) of this rule will be accorded party status unless the court otherwise determines on its own motion, on a motion to dismiss a party, or on an motion to intervene.").

For these reasons, we **DENY** Neighbors' motion. The Town timely filed its notice of appearance in this matter.

Electronically signed this 6th day of February 2025, pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[4] Neighbors do not provide an understanding as to why their motion and interpretation of Rule 5 and § 8504(n) is specific to municipalities and would not impact applicants despite both applicants and municipalities qualifying as parties by right under § 8504(n) and § 8502(5).

[5] The Court further notes that Neighbors' interpretation would also increase costs associated with parties that are statutorily identified as parties by right needing to file a separate motion to appear in an action. Their right to appear before the Court is plain within the language of the Rule and relevant statute. See Thuber, 2023 VT 53, ¶ 13 (quotation and citation omitted); In re Vt. Permanency Initiative, Inc. Denial, 2023 VT 65, ¶ 12 (setting forth the rules of statutory interpretation). It would also significantly delay and slow down a permit appeal in its infancy. A party may respond in opposition to a motion to intervene within 14 days. See V.R.C.P. 7(b)(4). A reply thereto is permissible within another 14 days. Id. Thus, a motion to intervene would not be taken under advisement for nearly a month after it was filed. This would be after an appealing party's Statement of Questions would have to be filed. See V.R.E.C.P. 5(f).