Filed 03/25/25

VERMONT SUPERIOR COURT
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



ENVIRONMENTAL DIVISION
Docket No. 24-ENV-00065

| | |
|---|---|
| **100 Terra Lane Zoning Permit Appeal** | **DECISION ON MOTIONS** |

In this matter, Brian and Carol Gates appeal a July 2, 2024 decision of the Town of Mendon (Town) Zoning Board of Adjustment (ZBA) granting an appeal of Zoning Permit #2024-03 by Gordon Stake and voiding the permit issued to the Gates for the construction of a standalone garage on property having an address of 100 Terra Lane, Mendon, Vermont (the Property). Multiple motions are presently pending before the Court. First, Mr. Stake moves to intervene in this matter. Second, the Gates move to dismiss this matter and/or Mr. Stake.[1] Finally, Mr. Stake moves for summary judgment on all issues before the Court.

**Discussion**

First, the Court addresses Mr. Stake's motion to intervene. Second, we address the Gates' motion to dismiss. Finally, we address Mr. Stake's motion for summary judgment.[2]

## I.      Motion to Intervene

Pursuant to V.R.E.C.P. Rule 5(c):

> An appellant enters an appearance by filing a notice of appeal as provided in subdivision (b) of this rule. Any other person may enter an appearance within 21 days after the date on which the notice of filing of the last notice of appeal to be filed was served . . . by filing a written notice of appearance with the clerk and by serving the notice of appearance in accordance with [applicable rules]' provided that any person enumerated in 10 V.S.A. § 8504(n)(1)—(3) may file and serve

---

[1] Mr. Stake notes that Mrs. Gates is the sole party that signed the motion to dismiss. The Court notes that, despite the initial application being submitted by Mr. Gates only, Mrs. Gates has participated in the process with Mr. Gates and largely presented the application on the Gates' behalf before the ZBA. The subsequent decision was issued to both Mr. and Mrs. Gates and both parties signed the appeal. The Court understands that the Gates are husband and wife. To the extent that Mr. Stake challenges Mrs. Gates ability to appear before the Court and file the pending motion to dismiss, the Court will not sua sponte dismiss her on the facts presented, particularly in the absence of a formal motion.

[2] Because this Decision addresses multiple motions, each subject to unique legal standards and relevant facts, the court addresses each motion separately. In so doing, the Court sets forth the applicable legal standards and any relevant factual background relevant thereto separately.

1

an appearance in a timely fashion. Any other person who has not previously entered an appearance as provided in this paragraph may enter an appearance by filing a timely motion to intervene.

V.R.E.C.P. 5(c).

Pursuant to V.R.E.C.P. 5(d)(2), which concerns how an appellant may claim and/or challenge party status before this Court, "[a]ny other person who appears as provided in [V.R.E.C.P. 5(c) . . .] will be accorded party status unless the court otherwise determines on its own motion, on a motion to dismiss a party, or on a motion to intervene."

"When interpreting [a] rule, we consider its plain language and 'construe it as whole, looking to the reason and spirit of the law and its consequences and effects to reach [a] fair and rational result." Thurber v. Thurber, 2023 VT 53, 13 (quoting In re Birt, 2020 VT 55, 9, 212 Vt. 500). Further, when interpreting this Court's rules, set forth in the V.R.E.C.P., the rules must be "construed and administered to ensure summary and expedited proceedings consistent with fair and full determination in every matter coming before the Court." V.R.E.C.P. 1.

The Court has interpreted Rule 5 to "expressly state[] that only those who do not timely file a notice of appearance must file a motion to intervene to appear before the Court. See V.R.E.C.P. 5(c). Thus, those who timely file a notice of appearance are entitled to party status unless challenged." In re Ranney Dairy, LLC Major Subdivision Appeal, No. 22-ENV-00018, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Feb. 6, 2025) (Walsh, J.).

Thus, Mr. Stake needed to only file a timely notice of appearance in this matter to retain party status until challenged. He did so. Further, and for the reasons set forth below, he is clearly an interested person in this matter. Thus, the motion to intervene is **MOOT**.

## II.     Motion to Dismiss[3]

Next, we address the Gates' motion to dismiss. While the motion does not cite an applicable rule that it is being made pursuant to, the Court interprets it to argue that Mr. Stake lacks standing related to this matter, either to appeal the zoning permit from the Zoning Administrator to the ZBA and/or to appear in this action. The motion also appears to argue that Mr. Stake failed to adequately

---

[3] The Gates have filed two "motions to dismiss." The first was filed on February 18, 2025 and the second was filed on March 14, 2025. The second seems to not be a motion to dismiss but be a response to Mr. Stake's motion for summary judgment. The Court is lead to this conclusion in part due to the pagination of the document, which was filed in connection to the Gates' response to Mr. Stake's statement of undisputed material facts. Thus, we refer to the first filing as a motion to dismiss and interpret the second as the Gates' opposition to Mr. Stake's motion for summary judgment.

appeal the permit to the ZBA. We interpret this motion in both respects as arguing the Court lacks jurisdiction over the appeal, which the Court reviews pursuant to V.R.C.P. 12(b)(1).

V.R.C.P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. When reviewing such a motion, this Court accepts all uncontroverted factual allegations as true and construes them in the light most favorable to the nonmoving party. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245.

Mr. Stake claims party status as an interested person as defined by 24 V.S.A. § 4465(b)(3). See 10 V.S.A. § 8504(n)(5) (noting that a person may intervene and participate in a pending appeal if they qualify as an "interested person" pursuant to 24 V.S.A. § 4465 with respect to appeals made pursuant to 24 V.S.A. ch. 117).

To be an "interested person" as defined by § 4465(b)(3), first, the party must own or occupy property in the immediate neighborhood of the subject property. 24 V.S.A. § 4465(b)(3). Second, the party must be able to "demonstrate a physical or environment impact" to his or her interests, effectively an injury-in-fact, "under the criteria reviewed" by the municipal panel in reaching its decision. Id. Lastly, the party needs to allege that the act or decision of the municipal panel, "if confirmed," will not "accord with the policies, purposes, or terms of the plan or bylaw of that municipality." Id.

The southwest corner of Mr. Stake's property is located across a 50-foot right of way from the northeast corner of the Property such that his property is only approximately 50 feet from the Property. Mr. Stake can see the Property from his property and the proposed garage. Clearly, Mr. Stake's property is located within the immediate neighborhood of the Property.[4] Further, Mr. Stake has alleged that any activities within the garage related to loud equipment or tools would likely be audible from his property. He further alleges that increased traffic on Terra Lane, in order to access to the garage, would impact his use of Terra Lane. Mr. Stake has demonstrated that his property is within the immediate neighborhood of the Property and has alleged sufficient impacts under the criteria reviewed.

Finally, Mr. Stake asserts that the proposed use is prohibited in the relevant zoning district because it is not an exempt, permitted, or conditional use therein. Thus, he asserts that it would not be in accord with the Town of Mendon Zoning Regulations (Regulations).

---

[4] We further note that, despite the corners of the Property and Mr. Stake's property being separated by Terra Lane itself, we believe it likely that Mr. Stake is an abutter to the Property.

3

For these reasons, we conclude that Mr. Stake meets the definition of an "interested person" as set forth in § 4465(b)(3) and has standing to appear before the Court and participate in the permit process relative to the Gates' application.

Next, the Gates appear to challenge whether Mr. Stakes' notice of appeal from the Zoning Administrator to the ZBA lacked the required contents.[5] They cite to § 4465(b)(3) and Regulations § 1103(3). The Court believes their citation to § 4465(b)(3) to be in error and to instead reference 24 V.S.A. § 4466, which sets forth the contents of notices of appeals, which largely mirrors the Regulations.

Regulations § 1103(3) requires that notices of appeal of decisions from the Zoning Administrator to the ZBA must include "a reference to applicable provisions of these regulations." Regulations § 1103(3). This is also found in § 4466.

Mr. Stake's notice of appeal states that the permit was wrongly issued because it was not an allowed use under the Regulations in the applicable zoning district. Functionally, he argued that nothing in the Regulations permitted the use and therefore it must be denied. Both the Regulations and § 4466 simply require a "reference" to the applicable provisions of the underlying regulations. Here, Mr. Stake referred to the allowable uses in the relevant zoning district, which he asserts prohibits the use. This is sufficient under both the Regulations and the statute.

Finally, the Gates appear to argue that this matter must be dismissed because the underlying decision of the ZBA is insufficient. With limited exceptions not relevant here, we review appeals de novo. 10 V.S.A. § 8504(h). As such, we hear the case "as though no action whatever has been held prior thereto." Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989). Therefore, we generally do not consider the underlying decision of, or proceedings before, the municipal panel below, "rather, we review the application anew as to the specific issues raised in the statement of questions." In re Whiteyville Props. LLC, No. 179-12-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Dec. 13, 2012) (Durkin, J.). Because of this Court's de novo trial process, allegations of decisionmaker bias or improper procedure on the part of the municipal panel are outside the scope of our review. In re JLD Props. of St. Albans, LLC, 2011 VT 87, ¶ 10, 190 Vt. 259.

Thus, the Court will not review the sufficiency of the decision by the ZBA in this de novo appeal. The Gates' allegation that the decision lacked the requisite conclusions of law or standard of

---

[5] Mr. Stake challenges whether the Court can consider this issue because the ZBA heard his appeal and the Gates, not himself, subsequently appealed the ZBA's decision to this Court, which hears the appeal de novo. To the extent that this Court can review the contents of the notice of appeal to the ZBA on the grounds that it could impact our jurisdiction, we do so.

review therefore does not present grounds to dismiss this appeal and the Court will review the application anew in this appeal.

For the foregoing reasons, the Gates' motion to dismiss is **DENIED**.

### III. Motion for Summary Judgment

#### a. Statement of Questions

The present motion seeks a ruling on all issues before the Court raised in the Gates' Statement of Questions. These Questions ask:

> 1. According to Mr. Stake's application of appeal, did he have standing to appeal under 24 V.S.A. § 4465 and Article XI: Appeals Section 1102 (8)?
>
> 2. Was Mr. Stake's Notice of Appeal in accordance with Article XI: Section 1103(3) of the Mendon Zoning Regulations?
>
> 3. Was Permit 24-003 issued to The Gates in accordance with Article VI: Section 601 (a) of the Mendon Zoning Regulations?
>
> 4. Does the Mendon Zoning Regulations state that a "Stand Alone Building/ Garage" is not allowed?
>
> 5. Does the Mendon Zoning Regulations state anywhere that a "Residence or Dwelling is a requirement to the construction of ANY Structure or Use?
>
> 6. Was the Decision by the Mendon Zoning Board of Adjustment in accordance with 24 V.S.A. 24 §4464 (b)(1)?

Statement of Questions (filed Aug. 19, 2024).

#### b. Legal Standard

To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2). In determining whether there is a dispute over a material fact, "we accept as true allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted); V.R.C.P. 56(c)(1)(A). The party opposing a motion for summary judgment "cannot simply rely on mere allegations in the pleadings to rebut credible documentary evidence or affidavits . . . but must respond with specific facts that would justify submitting [their] claims to the factfinder." Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356. (citing Gore v. Green Mtn. Lakes, Inc., 140 Vt. 262, 266 (1981); V.R.C.P. 56(e); State v. G.S. Blodgett Co., 163 Vt. 175, 180 (1995)).

### c. Undisputed Material Facts

Prior to addressing the parties' filings, we note that the Gates' response to Mr. Stake's statement of undisputed material facts is slightly confusing.[6] Pursuant to V.R.C.P. 56(c)(2), a non-moving party who opposes a motion for summary judgment and the moving party's statement of undisputed material facts "must file a paragraph-by-paragraph response, with specific citations to particular parts of materials in the record that the responding party asserts demonstrate a dispute . . . ."

The Gates somewhat respond to the filing. They filed a paragraph-by-paragraph response, in some instances they object to a fact, but in others, they offer statements that provide narrative responses to the facts. Some of these statements appear to dispute the facts raised by Mr. Stake in whole or in part, others seem to find that Mr. Stake's statements are undisputed, at least in part. Some of the responses appear unconnected to Mr. Stake's corresponding paragraph.[7]

This response does not fully comply with Rule 56(c)(2). When a party fails to respond to a statement of undisputed material facts, the Court may, among other things, "consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it . . .." V.R.C.P. 56(e). Thus, the Court reviews the pending statement of undisputed material fact and opposition thereto in order to parse through what is disputed and undisputed, in recognition of the Gates' self-representation. To the extent that there are statements not responded to, or aspects of statements not responded to, the Court reviews them with consideration to the Court's discretion under V.R.C.P. 56(e).

We recite the following facts solely for the purposes of deciding the pending cross-motions. These facts do not constitute factual findings because factual findings cannot occur until after the Court conducts a trial. Fritzeen v. Trudell Consulting Eng're, Inc., 170 Vt. 632, 633 (2000) (mem.).

---

[6] The Court notes that the Gates' filings in response to the pending motion for summary judgment are unsigned. This is improper. See V.R.C.P. 11(a). Rule 11(a) requires that unsigned documents be stricken unless a corrected signature is filed promptly after being called to the attention of the party. After review of the documents, the Court brought this matter to the Gates' attention upon receipt. To date, no signed document has been filed. Because the Court finds that the material facts even considering the filing are not in dispute, the overlapping nature of the issues within the Gates' motion to dismiss and response to the pending motion for summary judgment, and the fact that Mr. Stake has not objected to the filing, we decline to strike the response.

[7] For instance, paragraph 5 of Mr. Stake's filing addresses the landscape between his property and the Property and sightlines. The Gates' corresponding paragraph 5 addresses the zoning district of the Property. Review of the filing shows there may have been an typographical issue with numbering.

1. On January 29, 2024, Brian Gates applied for a zoning permit for a 50-foot by 30-foot "garage" to be used for "garage/storage" at property located at 100 Terra Lane, Mendon, Vermont (the Property).

2. The Property is unimproved and has no existing buildings.

3. Brian and Carol Gates do not live at the Property, but at another property, located approximately 325 feet further down Terra Lane from the Property.

4. The Property is within the Residential District II as defined by the Town of Mendon Zoning Regulations (Regulations).

5. The northeastern corner of the Property is located diagonally across Terra Lane from the southwestern corner of Gordon Stake's property.

6. The Property and Mr. Stake's property are located approximately 50 feet from one another.

7. Mr. Stake can see the Property from his property, with particular visibility in winter.

8. At present, the Terra Lane neighborhood is a quiet, residential area.

9. On April 3, 2024, the Zoning Administrator approved Mr. Gates' application with amendments, including that the structure be used "for residential purposes only."

10. On April 17, 2024, Mr. Stake appealed the Zoning Administrator's approval to the ZBA

11. Mr. Stake's notice of appeal came with a letter through counsel stating that he believed that the permit was wrongly issued because it was not an allowed use under the Regulations in the applicable zoning district.

12. The ZBA subsequently held a warned hearing for the appeal on May 28, 2024.

13. On July 2, 2024, the ZBA issued a decision granting the appeal and voiding the permit issued by the Zoning Administrator.

14. The Gates then timely appealed the ZBA's decision to this Court.

### d. Discussion

The Statement of Questions asks six Questions, which broadly address 3 issues. The first issue is Mr. Stake's standing to appeal and the contents of his notice of appeal to the ZBA. These are set forth in Questions 1 and 2. The second issue is, generally, whether the application was allowable under the Regulations. This is set forth in Questions 3, 4 and 5.[8] Finally, Question 6 asks whether the ZBA's decision below was issued in accordance with statutory law. We address each issue in turn.

---

[8] Question 3 asks whether the permit issued by the Zoning Administrator was done "in accordance" with Regulations § 601(a). This section requires accessory structures and uses to comply with setback and height limitations. The Court interprets Question 3 in the context of our de novo review to ask whether the application complies with this provision.

### i. Questions 1 and 2

Questions 1 and 2 challenge Mr. Stake's standing and his notice of appeal from the Zoning Administrator to the ZBA.

The material facts are not in dispute. For the same reasons as set forth above with respect to the Gates' motion to dismiss, we conclude that Mr. Stake had standing to appeal the Zoning Administrator's decision to the ZBA and to participate before the Court here. He owns property across Terra Lane from the Property. While the Gates dispute the scope of Mr. Stake's visibility of the Property, they appear not to dispute that he can see it and where the proposed Garage would be. This is evidence by the fact that they assert that, presumably if they didn't want to see it, Mr. Stake could construct screening on his own property to limit views. For these reasons, we conclude that the material facts are not in dispute and that Mr. Stake meets the definition of an "interested person" as set forth in § 4465(b)(3) and has standing to appear before the Court and participate in the permit process relative to the Gates' application.

Next, and for the same reasons as set forth with respect to the Gates' motion to dismiss, we conclude that the material facts are not in dispute and that Mr. State's notice of appeal was sufficient under both the Regulations and 24 V.S.A. § 4466.

Thus, we **GRANT** Mr. Stake's motion for summary judgment on Questions 1 and 2 and answer them in the affirmative.

### ii. Questions 3 through 5

Permitted uses in the Residential District II requiring only approval from the Zoning Administrator are:

> (1) Accessory dwelling units (see Section 603) (2) Accessory structures and uses (see Section 601) (3) Family child care home serving no more than six full-time children (see Section 605) (4) Home occupations (see Section 602) (5) Residential care and group homes serving not more than eight persons (see Section 604) (6) Residential, one and two family, so long as two-family is owner-occupied (7) Windmills, household scale (see Section 610)

Regulations § 306(c)(1)-(7).

The application before the court is for an "accessory structure or use." The Regulations define an "accessory use or structure" as "[a] use or building customarily incidental to the principal use or building and located on the same lot." Regulations Art. XVI: Definitions ("Accessory Use or Structure").

Zoning bylaws are interpreted according to the general rules of statutory construction. In re Casella Waste Mgmt., Inc., 2003 VT 49, ¶ 6, 175 Vt. 335 (citing In re Weeks, 167 Vt. 551, 554 (1998)). "We adopt a construction that implements the ordinance's legislative purpose and, in any event, will apply common sense." In re Lashins, 174 Vt. 467, 469 (2002) (mem.) (quotation and citation omitted).

The Regulations are clear. An accessory building such as the garage proposed must be accessory to a principal building or use located on the same lot. It is axiomatic that for something to be "accessory" it must be "accessory" to another principal structure or use of land. The Regulations do not state that the principal use or structure must be residential, per se, just that the accessory use or structure must be accessory to a principal use or building. The Regulations further require that the principal use or building be located on the same lot as the proposed accessory use or structure. It is undisputed that there is no existing principal building or use of the Property. The Property is a vacant lot. There being no such principal use or structure, the proposed garage cannot be an accessory structure as requested. Thus, the application could not be approved as an "accessory structure" as defined by the Regulations.

Further, "[u]ses not listed as permitted or conditional in Section[] [306 . . .] are prohibited." Regulations § 301(b). While accessory structures and uses are permitted in the district, a standalone garage is not. See Regulations § 306(b)–(e) (listing the exempt, permitted, and conditional uses in the Residential District II). A standalone building or garage, addressed by the Gates in Question 4 and to the extent that proffered use was applied for, is not an exempt, permitted, or conditional use in this zoning district. It is therefore prohibited in the Residential District II. See Regulations § 301(b).

For these reasons, the material facts are not in dispute. The garage as proposed does not meet the definition of an "accessory structure and use" and therefore cannot be permitted as such. Further, the garage, as a standalone building, cannot be permitted as a use in this district because it not an exempt, permitted or conditional use in this Residential District II and is, therefore, prohibited.[9]

### iii. Question 6

Question 6 asks whether the ZBA's decision was issued "in accordance with 24 V.S.A. §4464(b)(1)[.]" Section 4464(b)(1) requires that:

> (1) Within 120 days of an application being deemed complete, the appropriate municipal panel shall notice and warn a hearing on the application. The appropriate municipal panel may recess the proceedings on any application pending submission of additional

---

[9] Because the Court concludes that the application presents a use not allowable in this district, to the extent that Question 3 asks the Court to apply any dimensional standards to the garage, the Court need not conduct such an analysis.

information. The panel should close the evidence promptly after all parties have submitted the requested information. The panel shall adjourn the hearing and issue a decision within 45 days after the adjournment of the hearing, and failure of the panel to issue a decision within this period shall be deemed approval and shall be effective on the 46th day. Decisions shall be issued in writing and shall include a statement of the factual bases on which the appropriate municipal panel has made its conclusions and a statement of the conclusions. The minutes of the meeting may suffice, provided the factual bases and conclusions relating to the review standards are provided in conformance with this subsection.

To the extent that this Question seeks to challenge whether the ZBA warned a hearing and issued a decision within the time frame required by 24 V.S.A. § 4464(b)(1), the material facts are not in dispute.

Mr. Gates applied for the permit on January 29, 2024. The Zoning Administrator approved the permit with conditions on April 3, 2024. On April 17, 2024, Mr. Stake timely appealed that issuance to the ZBA. The ZBA held a warned public hearing on the appeal on May 28, 2024. This is within 120 days of receiving the appeal. The ZBA adjourned the hearing on that date and on July 2, 2024, the ZBA issued their decision, with 45 days of adjourning the hearing. Thus, to the extent that this Question challenges the timeliness of the ZBA's actions on the appeal, the material facts are not in dispute and Mr. Stake is entitled to judgment as a matter of law.

Further, it is undisputed that the ZBA's decision was issued in writing. That writing contains factual findings and conclusions regarding the application,[10] to the extent that this Question challenges whether it complies with the written requirements of § 4464(b)(1), Mr. Stake is entitled to judgment as a matter of law.

For these reasons, we conclude that the material facts are not in dispute and Mr. Stake is entitled to judgment as a matter of law on Question 6.

### Conclusions

For the foregoing reasons, Mr. Stake's motion to intervene is **MOOT** because he timely filed his notice of appearance. The Gates' motion to dismiss filed on February 18, 2025 is **DENIED**.

---

[10] Beyond this, however, to the extent that Question 6 challenges the content of the ZBA's decision, we reiterate that we are a Court of limited jurisdiction. 4 V.S.A. § 1001(b). We review this appeal de novo. 10 V.S.A. § 8504(h). As such, we hear the case "as though no action whatever has been held prior thereto." Chioffi, 151 Vt. 9, 11. Therefore, we generally do not consider the underlying decision of, or proceedings before, the municipal panel below, "rather, we review the application anew as to the specific issues raised in the statement of questions." Whiteyville Props. LLC, No. 179- 12-11 Vtec, slip op. at 1 (Dec. 13, 2012) (Durkin, J.).

Finally, Mr. Stake's motion for summary judgment is **GRANTED** with respect to all Questions before the Court. The ZBA's denial is final.

This concludes the matter before the Court. A Judgment Order accompanies this Decision. Electronically signed this 25th day of March 2025, pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division