2008 VT 103

## Progressive Insurance Company v. Kyle Brown, By His Next Friend, James Brown

[966 A.2d 666]

No. 06-507

Present: Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.

Opinion Filed August 1, 2008

*Samuel Hoar, Jr.* and *Douglas D. Le Brun* of *Dinse, Knapp & McAndrew, P.C.*, Burlington, for Plaintiff-Appellant.

*William T. Counos, II* of *Kissane Associates*, St. Albans, for Defendant-Appellee.

¶ 1. **Dooley, J.** Progressive Insurance Company appeals the superior court's summary judgment ruling in favor of Kyle Brown for uninsured motorist (UM) coverage. In its ruling, the court concluded that the policy definition of "uninsured motor vehicle," which excludes any vehicle owned by the insured or a relative, is unenforceable because it violates the public policy expressed in Vermont's UM statute, 23 V.S.A. § 941(a). On appeal, Progressive argues that Brown is not entitled to UM coverage based on the definition in the policy, and also raises several new arguments for the first time. We conclude that these new arguments were not properly preserved and, on the sole preserved issue, we affirm.

¶ 2. The parties do not dispute the relevant facts. Brown was injured in a single-vehicle accident after Brown gave his friend permission to drive his leased Jeep Cherokee. The friend lost control of the car and collided with a tree. Brown's friend did not have insurance, and Brown carried no insurance on the Jeep. Brown lived with his parents at the time. After the accident, Brown sought UM insurance coverage under a policy issued by Progressive to his mother. The policy provides UM coverage for an insured person "entitled to recover from the owner or operator of an uninsured motor vehicle." The UM section defines "insured person" to include a relative of the policy holder. It also explains that a vehicle owned by the policy holder or a relative is not an uninsured vehicle.

¶ 3. In response to the request for coverage, Progressive's attorney sent a letter to Brown's attorney denying the claim because Brown was injured while in a vehicle that fell outside the policy definition of "uninsured vehicle." The letter explained the basis for denial as follows:

> The definition of "owned" under the Policy includes a situation where a person has legal possession of a vehicle that is leased to that person under a written agreement for a continuous period of six months or more. Under this clear language, Mr. Brown is not entitled to uninsured motorist insurance because he is not legally entitled to recover damages from the operator of the Jeep Cherokee because the Jeep Cherokee is not an uninsured vehicle under the relevant policy language.

¶ 4. After Brown disputed Progressive's construction of the policy's terms, Progressive filed suit in superior court, seeking a

declaration that Brown was not entitled to UM coverage. Both parties filed motions for summary judgment. Brown asserted that the policy term on which Progressive relied to deny coverage was indistinguishable from that which this Court found invalid in *Monteith v. Jefferson Insurance Co. of New York*, 159 Vt. 378, 618 A.2d 488 (1992), because it violated 23 V.S.A. § 941(a). Progressive answered that *Monteith* did not require an insurer "to provide coverage for a person who, through his own financial irresponsibility, is injured while riding in his own uninsured vehicle," essentially the same theory advanced in its letter of denial. Progressive argued that Brown was not entitled to UM coverage because the vehicle involved in the accident, Brown's own Jeep Cherokee, was not an "uninsured vehicle" under the policy definition, which excludes coverage for vehicles owned by the insured or a relative. As part of this argument, Progressive attempted to distinguish *Monteith* on the grounds that in *Monteith* the driver had purchased some insurance, whereas here, Progressive claimed, "no coverage was ever purchased for Kyle Brown." The superior court rejected Progressive's claims and granted Brown summary judgment, concluding that under *Montieth* the policy's attempt to exclude UM coverage for persons in vehicles owned by the insured or a relative violated § 941(a). The parties stipulated to the amount of damages, with Progressive reserving the right to appeal the superior court's coverage decision.

¶ 5. On appeal, Progressive reiterates its prior arguments, and asserts for the first time: (1) Brown was not an "insured" under the policy's liability coverage section at the time of the accident; (2) as a result Brown was not a person "insured thereunder" as those words are used in § 941(a) and that section does not require UM coverage in this case; (3) *Monteith* is applicable only to situations where § 941(a) requires UM coverage, the situation in that case; and (4) the policy does not otherwise violate public policy because it implicates only private interests and the Department of Banking, Insurance, Securities and Health Care Administration approved its terms. Brown argues that we should not reach these questions because Progressive failed to raise them in the superior court.

¶ 6. We agree with Brown that Progressive did not preserve its new arguments for our review. Two basic preservation rules are applicable here. First, an insurer waives additional

defenses that are not raised or reserved in an initial denial of coverage. *Cummings v. Conn. Gen. Life Ins. Co.*, 102 Vt. 351, 360, 148 A. 484, 486 (1930). Second, in order to rely upon an argument on appeal, an appellant must properly preserve it by presenting it to the trial court "with specificity and clarity." *In re Entergy Nuclear Vt. Yankee, LLC*, 2007 VT 103, ¶ 10, 182 Vt. 340, 939 A.2d 504 (quotations omitted). Progressive complied with neither preservation rule.

■ ■ ¶ 7. The insurance-defense-waiver rule applies in this case because Progressive failed to assert these new arguments as part of its denial of coverage. In *Cummings v. Connecticut General Life Insurance Co.* we first articulated the rule that when an insurer "deliberately puts his refusal to pay on a specified ground, and says no more, he should not be allowed to 'mend his hold' by asserting other defenses after the insured has taken him at his word and is attempting to enforce his liability." 102 Vt. at 361-62, 148 A. at 487. Thus, if an insurer initially denies coverage on a specified basis and does not reserve the right to later raise other grounds, it waives any additional defenses. See *Hardwick Recycling & Salvage, Inc. v. Acadia Ins. Co.*, 2004 VT 124, ¶ 18, 177 Vt. 421, 869 A.2d 82. The rule applies to Progressive's attempt in this case to assert additional defenses to coverage for the first time on appeal. After receiving Brown's claim for coverage in October 2004, Progressive denied coverage based on the definition of uninsured vehicle in the UM section of the policy. At that time, Progressive did not indicate that it reserved or desired to reserve its right to raise any other reason for denying coverage. Progressive did not assert any additional basis for denial until it filed its appellate brief to this Court in February 2007 and sought to deny coverage on the basis that Brown was not a liability insured and therefore not entitled to mandatory UM coverage under § 941(a). Having failed to raise this as a ground for denial, Progressive is estopped from asserting it on appeal. See *Armstrong v. Hanover Ins. Co.*, 130 Vt. 182, 188, 289 A.2d 669, 673 (1972) (concluding insurer waived defenses raised for the first time on appeal, two years after insurer initially denied coverage).

¶ 8. Moreover, Progressive did not preserve the arguments now raised on appeal. We have consistently held that we will not consider arguments on appeal that were not preserved in the trial court. *Jordan v. Nissan N. Am., Inc.*, 2004 VT 27, ¶ 10, 176 Vt. 465, 853 A.2d 40 ("[M]atters not raised at trial may not be raised

for the first time on appeal."). To properly preserve an argument, a party must "present the issue with specificity and clarity." *In re Entergy Nuclear*, 2007 VT 103, ¶ 10 (quotations omitted). "The purpose of the rule is to 'ensure that the original forum is given an opportunity to rule on an issue prior to our review.' " *Id.* ¶ 9 (quoting *In re White*, 172 Vt. 335, 343, 779 A.2d 1264, 1270-71 (2001)).

■ ¶ 9. Progressive had the opportunity to raise the arguments now presented in its appeal and failed to do so. In response to Brown's motion for summary judgment, Progressive was required to raise any arguments that defeated Brown's motion or supported its own claim for summary judgment. See *Lane v. Town of Grafton*, 166 Vt. 148, 153, 689 A.2d 455, 457 (1997) ("Failure to raise a reason why summary judgment should not be granted at the trial level precludes raising it on appeal."); *Fitzgerald v. Congleton*, 155 Vt. 283, 295, 583 A.2d 595, 602 (1990) (refusing to address on appeal issue that was not raised in response to a grant of summary judgment). At that point, Progressive did not raise the new arguments now submitted on appeal.

¶ 10. There is no merit to Progressive's contention that all it has done on appeal is "sharpen" its arguments from the trial court. Progressive did not suggest in the superior court that the specific language of § 941(a) was crucial to its case or make any argument from that language; on appeal, its new argument is based entirely on statutory construction. In addition, in the superior court, Progressive did not claim that Brown was not a liability insured or argue that this status was significant. In its appellate argument, this status is the critical element. Thus, we disagree with Progressive that the scope of § 941 "was placed fully before the Superior Court." Pursuant to the arguments made before it, the superior court considered Brown's status under the policy's UM section, not under the liability section, and never analyzed the wording of § 941(a).

■ ¶ 11. As Progressive explains, it has indeed "recast" its argument on appeal. Progressive determined correctly that its argument in the superior court was ineffectual and came up with a new one. An appeal is not, however, an opportunity to retry a case and assert new arguments where those originally asserted were not successful. Preservation is determined by a party's actions in the trial court, not by a hindsight analysis of what

should have been argued or addressed. This is a classic case of waiver and nonpreservation; therefore, we decline to address Progressive's new arguments.

¶ 12. Our sole task on appeal is to consider the one properly preserved issue — whether Progressive could deny UM coverage, consistent with § 941 and *Monteith*, based on the definition of uninsured vehicle in the UM section of the policy. The Progressive policy at issue here provides UM coverage for

> bodily injury:
> 1. sustained by an insured person;
> 2. caused by an accident; and
> 3. arising out of the ownership, maintenance, or use of an uninsured motor vehicle

The definitions section explains that an " 'uninsured motor vehicle' does not include any vehicle or equipment: . . . owned by you or a relative." Based on this language, Progressive asserts that Brown is not entitled to coverage because he was injured while in a vehicle owned by him. The superior court correctly held that Progressive's limitation of UM coverage on this basis is unenforceable under § 941(a), as explained in *Monteith*.

■ ■ ¶ 13. The statute requires policies "insuring against liability" to provide coverage "for the protection of persons insured thereunder who are legally entitled to recover damages, from owners or operators of uninsured, underinsured or hit-and-run motor vehicles." 23 V.S.A. § 941(a). In *Monteith*, we concluded that a clause in an automobile insurance policy excluding UM coverage for accidents occurring while the insured operated a vehicle owned by him but not insured under the policy was inconsistent with Vermont law and unenforceable. *Monteith*, 159 Vt. at 381-83, 618 A.2d at 490-91. We emphasized that " *'the language of § 941 extends coverage to insured persons wherever they may be, provided that they are injured by an uninsured motorist.'* " *Id.* at 381, 618 A.2d at 490 (quoting *Sanders v. St. Paul Mercury Ins. Co.*, 148 Vt. 496, 498-99, 536 A.2d 914, 915-16 (1987)). We further explained that the statute requires UM coverage to be portable and thus insurers may not "condition coverage on the location of the insured nor the insured's status as a motorist, a passenger in a private or public vehicle, or as a

pedestrian." *Id.* In a subsequent decision, we described why the owned-vehicle exclusion in *Monteith* was inconsistent with the statutory mandate in § 941(a):

> The exclusion in *Monteith* placed a significant limitation on the plaintiff's UM/UIM protection: the *Monteith* plaintiff could not recover under his policy if he was not traveling in a vehicle specifically insured by that policy, despite the fact that UM/UIM insurance is legislatively intended to be a portable form of [insurance] against uninsured vehicles in general.

*Hubbard v. Metro. Prop. & Cas. Ins. Co.*, 2007 VT 121, ¶ 14, 182 Vt. 501, 944 A.2d 891. The same reasoning equally applies in this case. The definition of uninsured vehicle in this Progressive policy seeks to place a "significant limitation" on Brown's UM coverage, just as the exclusion in *Monteith* sought to do. Under § 941(a), however, Brown's UM coverage is portable and provides him with protection whenever he is injured by an uninsured motorist, regardless of whether he is injured while walking down the street, or sitting in his own uninsured vehicle.

■ ¶ 14. Progressive attempts to distinguish this case from *Monteith* because the injured party in *Monteith* paid premiums and had *some* coverage for the vehicle involved in the accident, whereas Brown did not pay for any coverage on the vehicle involved in the accident. We fail to see the relevance of whether the vehicle involved in the accident was minimally insured or not insured at all. The central point of *Monteith* was that under § 941(a) UM coverage may not be made contingent on where the accident occurred — whether in a vehicle covered under the specific policy or any policy at all; rather, UM coverage is portable because it is designed to protect persons, not vehicles. See *Monteith*, 159 Vt. at 381, 618 A.2d at 490.

■ ¶ 15. Progressive's attempt to distinguish this case based on the financial responsibility laws is equally unavailing. In fact, in *Monteith*, we specifically rejected the insurer's claim that 23 V.S.A. § 800(a), which requires operators to obtain insurance for their vehicles, limits UM coverage to vehicles insured under an individual's policy. *Id.* at 382-83, 618 A.2d at 490-91. We explained that the financial responsibility laws are separate from an insurer's obligation to cover insureds "wherever they become victims of

an uninsured or underinsured motorist." *Id.* at 382, 618 A.2d at 490.

¶ 16. Because Progressive failed to preserve the new arguments raised on appeal and the superior court properly rejected the claim made below, the superior court's order granting summary judgment to Brown is affirmed.

*Affirmed.*