**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     22-AP-133



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

DECEMBER TERM,   2022

| | |
|---|---|
| Misbah Abdul-Kareem\* v. Rutland Regional Medical Center et al. | APPEALED FROM:<br><br>Superior Court, Rutland Unit, Civil Division<br>CASE NO. 22-CV-00563<br>Trial Judge: Helen M. Toor |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals pro se from the dismissal of his complaint.  We affirm.

Plaintiff filed suit against defendants in February 2022.  Plaintiff alleged that when he was involuntarily admitted to the hospital, he was subjected to a "mysterious, unknown, unpermissible operation" in his sleep that made him feel as if his prostate had been removed and that his blood had been contaminated.  He raised a claim of medical malpractice and asserted that he was treated with medical indifference.  Defendants moved to dismiss, arguing in part that plaintiff failed to file a certificate of merit (COM) in support of his claim as required by 12 V.S.A. § 1042 and that plaintiff otherwise failed to comply with various pleading rules.  Plaintiff did not respond to the motion.  In a March 2022 entry order, the court granted the motion to dismiss, citing plaintiff's failure to respond.  It explained that it was not the court's job to search for defenses to a motion to dismiss.  Plaintiff appealed.

On appeal, plaintiff largely reiterates the alleged facts and claims he raised in his complaint.  He adds that he cited the law that required the filing of a COM and asserts that he has been pursuing a COM since he filed his first medical case in Vermont.  Plaintiff contends that he contacted defendants' counsel by phone and left a voicemail at the trial court to express his opposition to the motion to dismiss.  He indicates that he opposed the motion due to defendants' failure to return service.

The court did not err in dismissing plaintiff's complaint.  As the trial court explained, where a party has the opportunity and fails to respond to a motion to dismiss, the "failure to oppose the motion effectively waived the claims." Pharmacists Mut. Ins. Co. v. Myer, 2010 VT 10, ¶ 18, 187 Vt. 323 (citing Progressive Ins. Co. v. Brown ex rel. Brown, 2008 VT 103, ¶¶ 8-9, 184 Vt. 388 (holding that where plaintiff had opportunity to raise arguments in opposition to summary judgment and failed to do so, plaintiff waived those arguments on appeal)).  Plaintiff's assertion that he verbally opposed the motion does not suffice. See V.R.C.P. 7(b) (requiring that

written opposition to dispositive motion be signed and filed with court).  We note that plaintiff's failure to include a COM with his complaint also supported dismissal.  See Quinlan v Five-Town Health All., Inc., 2018 VT 53, ¶ 19, 207 Vt. 503 (holding that in medical malpractice action statutory "requirement that a certificate of merit be filed simultaneously with the complaint is mandatory and demands strict compliance" and when "certificate of merit is entirely omitted from the original complaint, dismissal is necessary to effectuate the statutory purpose of screening out frivolous claims at the outset" (quotation omitted)).

Affirmed.

BY THE COURT:


Harold E. Eaton, Jr., Associate Justice


Karen R. Carroll, Associate Justice


Nancy J. Waples, Associate Justice