VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.        23-AP-145

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

OCTOBER TERM,   2023

| | |
|---|---|
| American Empire General Contracting Corp.* & Pro Claims, Inc.* v. Department of Labor (Kayla Herrick) | APPEALED FROM:<br><br>Employment Security Board<br>CASE NO. WH22906 |

In the above-entitled cause, the Clerk will enter:

Employers appeal the Employment Security Board's decision upholding the dismissal of their administrative appeal as untimely.  We affirm.

The administrative law judge made the following findings, which were adopted by the Board.  In December 2018, claimant Kayla Herrick filed a claim with the Wage and Hour Program of the Department of Labor for unpaid wages against employers American Empire General Contracting Corp. and a related entity, Pro Claims, Inc.  The Vermont Secretary of State lists Brian Horton as the sole principal of both entities and as the registered agent of Pro Claims.  In turn, Pro Claims is the registered agent for American Empire.  The Secretary of State lists a Colchester address as the physical address of both employers.

In January 2019, Horton acknowledged receipt of Herrick's claim on behalf of Pro Claims.  In September 2019, Horton acknowledged receipt of the claim on behalf of American Empire.  The American Empire claim was sent to a different address in Milton.  Horton subsequently advocated on behalf of employers regarding the claim and provided documents to the Department.

In January 2022, the Department issued a determination and order for collections finding that American Empire owed claimant $66,580.31 in unpaid wages.  The Department mailed the determination to the Colchester address.  The determination was returned to the Department with the notation, "Return to Sender/Unclaimed/Unable to Forward."

In March 2022, the Department issued a second, identical determination and order for collections and mailed it to employers by certified mail at the Milton address where it had previously mailed notice of the claim.  The certified mail receipt for employers' copy shows that the mailing was received on March 5, 2022, by "S. Abney," with the box for "agent" checked.

In late April 2022, the Department sent a collection notice to American Empire stating that the March determination was final because more than thirty days had passed since it was issued.  A month later, Horton wrote to the Department's general counsel that neither he nor any

authorized agent of American Empire was ever properly served with the March determination and therefore the collection notice was invalid.

On June 3, 2022, the Department issued a third, identical determination and order for collections and sent it by certified mail to the Colchester address. The return receipt indicates that the mailing was received on June 6, 2022. On July 6, 2022, employers filed a notice of appeal to the administrative law judge (ALJ).

Claimant moved to dismiss the appeal as untimely, arguing that Horton had received the March 2022 determination at the Milton address, which was his home address, and that the "S. Abney" who signed for it was Horton's wife Shaurice Abney. Employers did not respond to the motion to dismiss.

Because employers had not denied that the Milton address was Horton's home address or that the "S. Abney" who signed for the determination was his wife, the ALJ treated these facts as admitted. The ALJ concluded that the Department had provided effective notice to American Empire in March 2022 under 21 V.S.A. § 342a by mailing the determination to its last-known address, which was the Milton address. The ALJ found that the determination became final thirty days after American Empire received effective notice, and the June determination did not extend the appeal time. The ALJ therefore concluded that employers' July notice of appeal was untimely and dismissed the appeal. Employers appealed to the Employment Security Board, which affirmed the ALJ's decision.

On appeal to this Court, employers argue that the ALJ erred in concluding that the Department provided effective notice of the March 2022 determination by sending it to the Milton address, because this was not employers' last-known address. Employers argue that the Department was required to send the determination to the address on file with the Secretary of State, and that the Department acknowledged this by re-sending the determination to the Colchester address in June 2022.[*]

We agree with the Department that employers waived these claims by failing to respond to claimant's motion to dismiss. When a party has the opportunity but does not respond to a motion to dismiss, the "failure to oppose the motion effectively waive[s] the claims." Pharmacists Mut. Ins. Co. v. Myer, 2010 VT 10, ¶ 18, 187 Vt. 323 (citing Progressive Ins. Co. v. Brown ex rel. Brown, 2008 VT 103, ¶¶ 8-9, 184 Vt. 388 (holding that where plaintiff had opportunity to raise arguments in opposition to summary judgment and failed to do so, plaintiff waived those arguments on appeal)). The ALJ's decision states that Horton participated on behalf of employers in a pretrial conference before the ALJ at which claimant orally objected to the timeliness of the appeal. The ALJ directed claimant, both orally and in writing, to file a written motion to dismiss and gave employers fourteen days to respond to the motion. As ordered by the ALJ, claimant sent the motion to employers' email address, which Horton provided at the pretrial conference at the ALJ's request. Employers did not file any response. Employers do not challenge these findings, which demonstrate that they were provided with notice and an opportunity to respond to the motion to dismiss but failed to do so. They did not

_____

[*] The Department moved to strike employers' supplemental printed case and portions of their reply brief as containing records or information outside the record on appeal. Because we conclude that the challenged documents and information are irrelevant to our decision, we deny the motion as moot.

2

seek an extension of time or explain their failure to respond.  Under these circumstances, we conclude that they have waived their claims.

Affirmed.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice

Nancy J. Waples, Associate Justice