**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     24-AP-280

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

DECEMBER TERM,   2024

| | |
|---|---|
| Jeffrey Rivard* v. Susan Smallheer & Brattleboro Reformer | } APPEALED FROM:<br>}<br>} Superior Court, Windham Unit,<br>} Civil Division<br>} CASE NO. 22-CV-04364<br>Trial Judge: Mary Miles Teachout (Ret.) |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals from a trial court decision denying his motion to reconsider orders striking his complaint and awarding defendants their attorney's fees under Vermont's anti-SLAPP (strategic lawsuit against public participation) statute. We affirm.

In December 2022, plaintiff filed a pro se complaint against defendants—a journalist and publisher—raising claims of defamation, libel, negligence, and false light based on statements in a newspaper article reporting on a jury trial in which plaintiff was the accused. Defendants filed a special motion to strike under the anti-SLAPP statute, 12 V.S.A. § 1041(a). The court granted the motion in April 2023. Plaintiff appealed, and we affirmed. Rivard v. Brattleboro Reformer, No. 23-AP-149, 2023 WL 5994216 (Vt. Sept. 15, 2023) (unpub. mem.) [https://perma.cc/Y2FK-4J4P].

The trial court granted defendants' pending motion for an award of attorney's fees under § 1041(f)(1) in October 2023. Plaintiff appealed, and, in April 2024, we affirmed. Rivard v. Smallheer, No. 23-AP-338, 2024 WL 1481590 (Vt. April 5, 2024) (unpub. mem.) [https://perma.cc/E2ZQ-Z6DR].

The following month, plaintiff filed the motion to reconsider at issue in this appeal. The court explained that although styled as a request for reconsideration, plaintiff's motion was in effect one for relief from judgment under Vermont Rule of Civil Procedure 60(b) because it was directed at the April and October 2023 orders affirmed by this Court. The court denied the motion, concluding that the arguments presented in plaintiff's motion could have been raised in his appeals and did not implicate any of the grounds for relief specified in Rule 60(b).

In the instant appeal, plaintiff argues that the trial court erred in concluding that he was not entitled to relief under Rule 60(b). A motion under Rule 60(b) is addressed to the discretion of the trial court. Greenmoss Builders, Inc. v. Dun & Bradstreet, Inc., 149 Vt. 365, 368 (1988).

Absent a "clear and affirmative abuse" of that discretion, we will not disturb its ruling. Sandgate Sch. Dist. v. Cate, 2005 VT 88, ¶ 6, 178 Vt. 625 (mem.). "The moving party carries the burden of proving that such an abuse occurred." Id.

Though Rule 60(b) allows a court to grant relief from judgment for several enumerated reasons, it "is not an open invitation to reconsider matter concluded at trial." Penland v. Warren, 2018 VT 70, ¶ 7, 208 Vt. 15 (quotations and citations omitted). Because "[w]e must be concerned about the certainty and finality of judgments so that litigation can reach an end," the rule "is not intended to function as a substitute for a timely appeal." Brandt v. Menard, 2020 VT 61, ¶ 5, 212 Vt. 547 (quotations and citations omitted).

Plaintiff does not address the civil division's conclusion that each of his arguments could have been raised in his prior appeals. See id. As a result, he has not shown that the court erred in denying his motion on that ground. See Sandgate Sch. Dist., 2005 VT 88, ¶ 6.

Though plaintiff now argues that his motion implicated one or more of the bases for relief specified in Rule 60(b), he did not preserve this contention for our review because he did not raise it with particularity below. See Progressive Ins. Co. v. Brown, 2008 VT 103, ¶ 8, 184 Vt. 388 ("We have consistently held that we will not consider arguments on appeal that were not preserved in the trial court."); Sandgate Sch. Dist., 2005 VT 88, ¶ 13 (explaining that motion for relief was without merit in part because "it did not state with particularity the grounds for relief under Rule 60(b)).

To the extent plaintiff raises other arguments in his brief, we are unable to discern them. We see no grounds to disturb the order below.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Karen R. Carroll, Associate Justice

William D. Cohen, Associate Justice

2