VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     24-AP-408



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JUNE TERM,   2025

Flat Fee, LLC et al.\* v. Northwest Vermont Realtor Association, Inc. et al.

}
}
}
}
}
}

APPEALED FROM:

Superior Court, Chittenden Unit,
Civil Division
CASE NO. 24-CV-02537
Trial Judge: Samuel Hoar, Jr.

In the above-entitled cause, the Clerk will enter:

Plaintiffs appeal the dismissal of their complaint, which sought to vacate an arbitration award issued in favor of defendants.  We affirm.

Plaintiffs are a real-estate agency called Flat Fee, LLC, its owner Robert Foley, and its agent Matthew Havers.  Plaintiffs filed this action against defendants Northwest Vermont Realtor Association, Inc. (NVRA), Coldwell Banker Hickok & Boardman Realty, and two Hickok & Boardman agents, Annemarie Daniels and Katherine Wade.  In their complaint, plaintiffs alleged that an unidentified buyer found a house on Zillow they were interested in viewing and contacted Hickok & Boardman agent Katherine Wade, who showed buyer the home.  Wade asked the buyer to sign a buyer agency agreement under which Hickok & Boardman would be paid a 3% commission for its representation of buyer.  After unsuccessfully attempting to negotiate a lower commission fee with Wade, the buyer refused to sign the agreement and contacted Havers, who quoted a set price of $3500 for buyer agency services by Flat Fee.  The buyer contacted Wade and offered to hire her if she matched Flat Fee's terms of service and fees.  She refused, and the buyer signed an agreement with Flat Fee.

Wade contacted the seller's agent, who agreed to notify Wade if the buyer purchased the home.  The buyer purchased the home and Flat Fee was paid $18,060, of which it kept $3500 and refunded the rest to the buyer.  After the closing, Hickok & Boardman sent a letter to plaintiffs demanding $18,060 and served them with a notice of arbitration before the NVRA.  Plaintiffs protested that they were not required to participate in the NVRA arbitration process.  After the CEO of PrimeMLS threatened to revoke plaintiffs' access to the Multiple Listing Service (MLS)—the primary database of all home listings by real estate agents in Vermont—plaintiffs reluctantly participated in the arbitration process.  On February 1, 2024, an NVRA arbitration panel awarded $18,060 to Hickok & Boardman.

Plaintiffs Flat Fee and Foley filed a pro se complaint seeking to vacate the arbitration award on April 4, 2024. The court dismissed the action without prejudice in May 2024 because the plaintiff LLC lacked counsel.

On July 1, 2024, plaintiffs, now acting through an attorney, filed this action. Their complaint alleged that the arbitration award should be vacated because NVRA's fee-commission rules were illegal and unenforceable and the arbitration panel was biased against plaintiffs, who are not Realtors, and Hickok & Boardman was unjustly enriched by waiting until the buyer purchased the home to pursue its claim against plaintiffs.

The trial court granted defendants' motion to dismiss the complaint as untimely. The court reasoned that the Vermont Arbitration Act (VAA) requires an action to vacate an arbitration award to be filed within thirty days of the award, and the Federal Arbitration Act (FAA) requires such a challenge to be filed within three months. The court concluded that even if, as plaintiffs argued, the arbitration award did not become final until March 21, 2024, their complaint was filed more than three months later and was therefore untimely under either statute. The court rejected plaintiffs' argument that the July complaint related back to the April complaint, because the former was an entirely new action and not merely an amendment. The court concluded that plaintiffs' antitrust and unjust-enrichment claims were inextricably intertwined with their request to vacate the award and without that relief, any decision would be merely advisory. The court also ruled that NVRA was protected by arbitral immunity and noted that plaintiffs had signed an agreement with PrimeMLS agreeing to arbitrate disputes with other PrimeMLS participants. It therefore dismissed the entire complaint. This appeal followed.

"In reviewing a motion to dismiss, we consider whether, taking all of the nonmoving party's factual allegations as true, it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Alger v. Dep't of Lab. & Indus., 2006 VT 115, ¶ 12, 181 Vt. 309 (quotation omitted). Although motions to dismiss for failure to state a claim are generally disfavored, Gilman v. Me. Mut. Fire Ins. Co., 2003 VT 55, ¶ 14, 175 Vt. 554 (mem.), "[r]aising a statute-of-limitations defense in a motion to dismiss is appropriate and such motion will be granted when the face of plaintiff's complaint shows his claim to be time-barred." Sutton v. Purzycki, 2022 VT 56, ¶ 80, 217 Vt. 326 (quotation and alteration omitted).

We first address plaintiffs' claim that the court erred in concluding that their challenge to the arbitration award was untimely. Plaintiffs do not dispute the trial court's determination that the complaint in this case was filed more than thirty days after the arbitration panel issued its decision. They argue, however, that under NVRA rules the decision did not become final until March 21, 2024, and their first complaint was filed within thirty days of that date. Plaintiffs argue that the first complaint gave defendants adequate notice of their challenge and that they should be granted special leniency regarding their procedural error because they filed their first complaint pro se.

We are unpersuaded by these arguments. Plaintiffs contended below that this action was governed by the VAA. The VAA requires that "[a]n application to vacate an award shall be made within 30 days after delivery of a copy of the award to the applicant." 12 V.S.A. § 5677(c). We strictly construe this time limit because "our policy is to uphold arbitration awards whenever possible and to prevent arbitration becoming another layer in the litigation process. The short period allowed by statute for challenging an award implements this purpose." Springfield Tchrs. Ass'n v. Springfield Sch. Dirs., 167 Vt. 180, 187 (1997).

Assuming without deciding that the first complaint was timely filed under § 5677(c), that complaint was subsequently dismissed because Flat Fee, LLC, was not represented by counsel and plaintiffs did not demonstrate that the criteria for nonattorney representation were met. See LaBrie, Inc. v. Vt. Dep't of Env't Conservation, 157 Vt. 642, 643 (1991) (mem.) (stating general rule that corporation must appear through counsel and failure to obtain counsel is grounds for dismissal); 11A V.S.A. § 3.02(1) (listing criteria for nonattorney representation of corporation). The second complaint was an entirely new action and not an amendment of the first. The first action was not dismissed for any of the reasons set forth in 12 V.S.A. § 558(a) and the appeal period was therefore not tolled by that statute. See Weisburgh v. McClure Newspapers, Inc., 136 Vt. 594, 596 (1979) (holding plaintiff not entitled to commence new action for same cause within one year of dismissal under § 558 where original complaint was dismissed due to plaintiff's failure to effect service). Plaintiffs cite no other authority to support the notion that the first complaint somehow tolled the running of the appeal period under the VAA, but even if it did, the second complaint was filed more than thirty days after the first complaint was dismissed. Plaintiffs' second complaint is therefore time-barred under the VAA. The fact that plaintiffs were self-represented when they filed their first complaint does not alter our conclusion. See State v. Menize, 2023 VT 48, ¶ 19, 218 Vt. 374 ("While we accord pro se litigants some leeway, they must still follow ordinary rules of procedure."); State Highway Bd. v. Sharrow, 125 Vt. 163, 164 (1965) ("When [a litigant acts as his own counsel in legal proceedings] and the result is unsatisfactory, the litigant must be given the same consideration as any other, no more and no less." (quotation omitted)).

In their appellate brief, plaintiffs assert that their first complaint gave defendants notice under the FAA of their challenge to the arbitration award such that it tolled the running of the three-month appeal period set forth in 9 U.S.C. § 12. They also suggest that there is uncertainty over when the award was "filed or delivered" for purposes of the FAA. Plaintiffs failed to preserve these arguments by raising them below; indeed, as previously noted, their position below was that the FAA does not apply to this action. Accordingly, we do not address these arguments. "[I]n order to rely upon an argument on appeal, an appellant must properly preserve it by presenting it to the trial court with specificity and clarity." Progressive Ins. Co. v. Brown ex rel. Brown, 2008 VT 103, ¶ 6, 184 Vt. 388 (quotation omitted).

Plaintiffs contend that even if their challenge to the arbitration award was untimely, the court should not have dismissed their other claims. They argue that they adequately stated an antitrust claim under the Vermont Consumer Protection Act (VCPA) and the court could have granted declaratory relief in the form of a ruling that NVRA's fee-commission rules do not apply to plaintiffs. They further claim that their unjust-enrichment claim was sufficiently different from the arbitration award to escape dismissal.

The trial court properly dismissed these claims. Plaintiffs' complaint does not cite any antitrust laws in the section stating its legal claims. The complaint's only reference to a specific law is in a section quoting Flat Fee's website, where it describes its view that standard provisions limiting Realtor liability in Realtor-issued purchase-and-sale contracts may violate the VCPA. The complaint does not assert a claim under that statute or any other antitrust law. It states merely that NVRA's fee-commission rules were previously found to violate unspecified antitrust laws by a federal district court jury in Missouri and therefore the arbitration award was invalid. Any antitrust claim is thus essentially part of plaintiffs' challenge to the arbitration award. See Stevenson v. Cap. Fire Mut. Aid Sys., Inc., 163 Vt. 623, 625 (1995) (mem.) (explaining that in determining nature of claim, this Court looks to substance of complaint rather than precise terminology). The court appropriately dismissed this claim because plaintiffs failed to timely

appeal the arbitration award, meaning that the harm has passed and there is no justiciable controversy that would allow the trial court to issue declaratory relief. Doria v. Univ. of Vt., 156 Vt. 114, 117 (1991) ("Unless an actual or justiciable controversy is present, a declaratory judgment is merely an advisory opinion which we lack the constitutional authority to render.").

Further, the trial court properly dismissed the unjust-enrichment claim because it was essentially a collateral attack on the arbitration award. Plaintiffs cannot avoid the effect of the statute of limitations by seeking to recoup the $18,060 awarded to defendants under a different legal theory. Cf. Corey v. N.Y. Stock Exch., 691 F.2d 1205, 1213 (6th Cir. 1982) (affirming dismissal of complaint asserting due-process violations in arbitration process where plaintiff did not appeal arbitration award and explaining that FAA's three-month time limit "is meaningless if a party to the arbitration proceedings may bring an independent direct action asserting such claims outside of the statutory time period provided for in [9 U.S.C. § 12]").

Plaintiffs argue that they should have been given leave to amend their complaint. However, plaintiffs did not move to amend their complaint. To the extent they claim that the trial court was required to offer an opportunity to amend the complaint on its own initiative, they provide no authority to support such a claim. Nor do they explain how an amendment would cure the deficiencies identified above. Accordingly, we decline to disturb the decision below on this basis.

Affirmed.

BY THE COURT:


Harold E. Eaton, Jr., Associate Justice


Karen R. Carroll, Associate Justice


Nancy J. Waples, Associate Justice

4