NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2025 VT 34

No. 24-AP-040

| | |
|---|---|
| Stanley Reynolds | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Washington Unit, |
| | Civil Division |
| | |
| State of Vermont | March Term, 2025 |

Timothy B. Tomasi, J.

David C. Sleigh of Sleigh Law, PC, St. Johnsbury, for Plaintiff-Appellant.

Charity R. Clark, Attorney General, and Hannah Yindra, Assistant Attorney General, Montpelier, for Defendant-Appellee.

Stephanie Roberts Hartung, New England Innocence Project, Cambridge, Massachusetts, Vanessa Potkin, Innocence Project, New York, New York, and Jeffrey S. Gutman, George Washington University Law School, Washington, D.C., for Amici Curiae.

PRESENT: Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.

¶ 1. **COHEN, J.** Plaintiff Stanley Reynolds[1] appeals the civil division's decision dismissing his complaint for damages under the Vermont Innocence Protection Act (VIPA), 13 V.S.A. §§ 5561-5585. Plaintiff argues that the plain language of the VIPA allows an individual to recover damages for imprisonment under a conviction that is later vacated and does not limit

---

[1] In November 2024, before the parties presented oral argument, plaintiff passed away. Plaintiff's attorney subsequently filed a motion to substitute plaintiff with his estate. We granted the motion. For the purposes of this appeal, we continue to refer to Mr. Reynolds as plaintiff because that is how the case was originally filed below.

recovery to persons exonerated through DNA testing. Plaintiff argues in the alternative that the legislative intent and history of the VIPA and public policy support a broader interpretation of its language. The State moves to dismiss the appeal for lack of jurisdiction. We deny the State's motion and affirm the court's decision below.

¶ 2. Plaintiff alleged the following facts in his complaint. In 2012, plaintiff was convicted of felony sexual assault and sentenced to a term of five years to life. In August 2020, plaintiff's conviction was vacated. While not alleged in the complaint, plaintiff provided a copy of the trial court's decision in his printed case, which indicates that plaintiff's conviction was vacated due to ineffective assistance of counsel. Plaintiff was subsequently released from prison, having served just over eight years.

¶ 3. In June 2023, plaintiff sued the State under the VIPA, seeking damages for his imprisonment under the vacated conviction. Plaintiff maintained that he was innocent of the crime charged against him and requested compensation of over $400,000 for his imprisonment. In November 2023, the State moved for judgment on the pleadings pursuant to Vermont Rule of Civil Procedure 12(c), arguing that the plain text of the VIPA provides a cause of action only to plaintiffs who were exonerated based on DNA evidence proving actual innocence. Plaintiff opposed the motion, arguing that the plain language of 13 V.S.A. §§ 5572-5574 does not require exoneration through DNA testing and that plaintiff met the requirements outlined in those sections.

¶ 4. In January 2024, the court granted the State's motion for judgment on the pleadings. Because neither party argued that the statute was unclear or ambiguous, the court looked to its plain language. The court found that the VIPA only allows for claims by plaintiffs who have been exonerated pursuant to DNA testing. The court relied on the language of § 5572, which states "a person convicted and imprisoned for a crime of which the person was exonerated pursuant to this chapter shall have a cause of action." The court reasoned that exoneration "pursuant to this chapter" required the person's conviction to have been vacated as the result of a petition for DNA

2

testing, because that is the only means for exoneration outlined in chapter 182 of Title 13. The court noted that other sections in the VIPA refer specifically to exoneration through subchapter 1, which is the subchapter on DNA testing. The court held that because plaintiff's conviction was vacated due to ineffective assistance of counsel and not through DNA testing, plaintiff was not within the statutory class of claimants under the VIPA. The court did not address whether vacating plaintiff's conviction for ineffective assistance of counsel was considered an "exoneration." Instead, it focused on the fact that DNA testing was not the basis for overturning the conviction. Plaintiff appealed.

## I. Motion to Dismiss

¶ 5.      After plaintiff's death in November 2024, the State moved to dismiss this appeal for lack of subject-matter jurisdiction, arguing that plaintiff's claim under the VIPA did not survive his death. "As a result of our independent obligation to ensure that we act only in cases where we have subject-matter jurisdiction, we may consider such arguments on our own motion or at any time during the pendency of a proceeding." Mullinnex v. Menard, 2020 VT 33, ¶ 11, 212 Vt. 432, 236 A.3d 171. "A case becomes moot—and this Court loses jurisdiction—when there no longer is an actual controversy or the litigants no longer have a legally cognizable interest in the outcome of the case." Paige v. State, 2017 VT 54, ¶ 7, 205 Vt. 287, 171 A.3d 1011. Even if there was an actual controversy when the case was first filed, intervening events can render it moot. Id.

¶ 6.      The State argues a claim under the VIPA cannot survive the death of the claimant without an express survival provision in the statute, or a reference in the general survival statutes. The VIPA does not contain a survival provision. See 13 V.S.A. §§ 5561-5578. The survivorship statutes at 14 V.S.A. §§ 1451-1452 do not explicitly refer to the VIPA or post-conviction relief in general. However, they do allow general tort actions for bodily injury to survive the death of the plaintiff. 14 V.S.A. §§ 1451-1452; see Whitchurch v. Perry, 137 Vt. 464, 468, 408 A.2d 627, 630

(1979) ("Vermont's survival statutes, 14 V.S.A. §§ 1451-1453, abrogate the harsh common law rule that personal tort actions die with the person of the plaintiff or the defendant.").

¶ 7. As explained above, the VIPA allows a person "convicted and imprisoned for a crime of which the person was exonerated pursuant to this chapter" to have a cause of action for damages against the State. 13 V.S.A. § 5572(a). We conclude that this type of claim is analogous to a common-law claim for wrongful or false imprisonment, a tort that has long been held to survive the death of the plaintiff because it seeks damages for a form of bodily injury.

¶ 8. In Administrator of Whitcomb's Estate v. Cook, 38 Vt. 477 (1866), the plaintiff was arrested as a debtor and charged under a statute which granted the arrested person the opportunity to be taken before a magistrate who issued the writ for arrest for an examination prior to being imprisoned. When the plaintiff asked his arresting officer to bring him before the magistrate, the officer, knowing the magistrate was not in the county, imprisoned him. The plaintiff sued for wrongful imprisonment, and it was undisputed that the plaintiff did not claim assault or battery and that he was arrested and imprisoned without force or violence. The plaintiff died before the suit could be completed, leaving the Court to determine on appeal if his suit survived under the survival statute effective at the time, 1862 G.S. ch. 52, §§ 10-11. Whitcomb, 38 Vt. at 481.

¶ 9. That statute provided as follows:

> In addition to the actions which survive by the common law, the following shall survive and may be commenced and prosecuted by the executor or administrator . . . actions of trespass and trespass on the case for damages done to real or personal estate.
>
> If, in any proper action now pending, or which may hereafter be commenced, for the recovery of damages for any bodily hurt or injury, occasioned to the plaintiff by the act or default of the defendant or defendants, either party shall decease during the pendency of such action, such action shall, nevertheless, survive, and may be prosecuted to final judgment by or against the executors or administrators of such deceased party.

1862 G.S. ch. 52, §§ 10-11. We held that "damages for any bodily hurt or injury" included confinement by unlawful imprisonment. Whitcomb, 38 Vt. at 481-82 (emphasis omitted). We explained that the Legislature intended the phrase to be read broadly by including the word "injury." Id. If the Legislature had intended survival to be limited to actions involving claims of actual force or violence that caused physical pain and suffering, it would have simply used the phrase "damages for any bodily hurt." Id. (emphasis omitted). By including the term "injury," the Legislature deliberately broadened the scope of damages claims that survived. Id. We determined that confining a person's "body in a jail, and restraining him of his liberty" is an injury to the body and was therefore the type of claim that survived under the statute. Id. at 482. We noted that "[f]or unlawful arrests and imprisonments, it has always been held that trespass was the proper and the only remedy, though no actual force or violence be used in making the arrest and imprisoning the plaintiff." Id. at 481-82. Whitcomb has not been modified or overruled since it was decided, and the language of the current survival statute is essentially identical to the prior statute. Compare 14 V.S.A. § 1452, with 1862 G.S. ch. 52, § 11.

¶ 10. Here, plaintiff claims that he was imprisoned for just over eight years after his improper conviction in 2012. During this time, his "body [was] in a jail" and he was "restrain[ed] . . . of his liberty." Whitcomb, 38 Vt. at 482. Under the reasoning of Whitcomb, plaintiff's VIPA claim survives his death because he sued "for the recovery of damages for any bodily hurt or injury." Id. at 481; see 14 V.S.A. § 1452 (stating "action for the recovery of damages for a bodily hurt or injury" shall survive death of party). As the language of the current statute has not significantly departed from the 1862 statute, our interpretation in Whitcomb controls our understanding of the extent of survivorship in this context. The State's motion to dismiss is therefore denied.

5

## II. Merits

¶ 11.    We accordingly turn to the merits of plaintiff's appeal.  We review de novo the trial court's decision granting judgment on the pleadings.  Island Indus., LLC v. Town of Grand Isle, 2021 VT 49, ¶ 10, 215 Vt. 162, 260 A.3d 372.

¶ 12.    Plaintiff argues that the plain language of the VIPA does not limit the class of plaintiffs to those exonerated through DNA evidence.[2]  Instead, he claims, the statute simply requires the complaint to allege, and plaintiff to prove, that he was exonerated by his conviction being reversed or vacated, which could occur for reasons other than DNA exoneration.  See 13 V.S.A. §§ 5573(3)(a)(2), 5574(a)(2).  Plaintiff claims that if recovery is limited to cases of exoneration by DNA testing, the provisions requiring the complaint to allege, and the complainant to prove, that the complainant was exonerated by a reversed or vacated conviction, dismissal of charges, acquittal at trial, or pardon would become surplusage.  In the alternative, plaintiff argues that the legislative and statutory history of the VIPA make it clear that the Legislature did not intend to limit the class of plaintiffs to those exonerated by DNA testing.  Finally, plaintiff asserts that Vermont can only address the damage faced by those wrongfully imprisoned through broadening the scope of eligibility under the VIPA.

¶ 13.    At issue here is a matter of statutory interpretation, which we review without deference to the trial court.  State v. Berard, 2019 VT 65, ¶ 7, 211 Vt. 39, 220 A.3d 759.  Our primary objective when construing a statute is to "give effect to the intention of the Legislature" which is done through examining the "plain language of the statute."  Maple Run Unified Sch. Dist. v. Vt. Hum. Rts. Comm'n, 2023 VT 63, ¶ 13, 218 Vt. 496, 311 A.3d 139 (quotations omitted).  If the language is clear and unambiguous, we enforce the statute according to its terms and our

---

[2] The Innocence Project filed an amicus brief in this case.  Amici raises similar arguments to plaintiff regarding the purpose of the VIPA and policy reasons for allowing a broader category of plaintiffs to recover damages under a broader scope of plaintiffs under the VIPA.

inquiry proceeds no further. Town of Pawlet v. Banyai, 2022 VT 4, ¶ 21, 216 Vt. 189, 274 A.3d 23. Statutory language is not read in isolation and is instead construed together with the whole statute. State v. A.P., 2021 VT 90, ¶ 12, 216 Vt. 76, 268 A.3d 58.

¶ 14. The VIPA is set forth in chapter 182 of Title 13, which contains four subchapters. Relevant here are subchapters 1 and 2. Subchapter 1 sets forth a process under which a person convicted of a qualifying crime may request postconviction DNA testing of any evidence obtained during the investigation or prosecution of the crime, and may have his or her conviction vacated if the testing shows the person is innocent. 13 V.S.A. §§ 5561-5570. Subchapter 2 provides a process for seeking compensation for wrongful convictions. Id. §§ 5572-5578.

¶ 15. Specifically, § 5572(a) provides that "[a] person convicted and imprisoned for a crime of which the person was exonerated pursuant to this chapter shall have a cause of action for damages against the State." The statute requires the person to file a complaint alleging that "the complainant has been convicted of a felony crime" and "the complainant was exonerated through the complainant's conviction being reversed or vacated, the information or indictment being dismissed, the complainant being acquitted after a second or subsequent trial, or the granting of a pardon." Id. § 5573(a).

¶ 16. A plaintiff is entitled to judgment if the plaintiff establishes by clear and convincing evidence four elements, including that "the complainant's conviction was reversed or vacated" and "the complainant is actually innocent of the felony or felonies that are the basis for the claim." Id. § 5574(a)(2)-(3). A plaintiff must commence an action for compensation "within three years after the person is exonerated pursuant to subchapter 1 of this chapter through the person's conviction being reversed or vacated, the information or indictment being dismissed, the person being acquitted after a second or subsequent trial, or through the granting of a pardon." Id. § 5576(a). Additionally, courts are required under the VIPA to provide the information in subchapter 2 to a

7

person exonerated "pursuant to subchapter 1 of this chapter through vacating or reversing the person's conviction . . . or . . . receiving notice of a pardon." Id. § 5577(a).

¶ 17. The plain language of the statute makes clear that compensation is limited to persons who were exonerated using the process set forth in subchapter 1. Section 5572 specifically states that "a person convicted and imprisoned for a crime of which the person was exonerated pursuant to this chapter shall have a cause of action." (Emphasis added). "Pursuant to this chapter" plainly means that a plaintiff must be exonerated through a means authorized by chapter 182. The only such procedure authorized by chapter 182 is DNA testing.

¶ 18. We reject plaintiff's argument that §§ 5573(a)(2) and 5574(a)(2) expand the means of exoneration beyond DNA testing. These provisions are properly viewed as defining the starting point for the limitations period set forth in § 5576. The language contained therein cannot be viewed in isolation from the rest of the statute, which requires a plaintiff to prove that they are "actually innocent," meaning that they "did not engage in any illegal conduct alleged in the charging documents for which he or she was charged, convicted, and imprisoned." Id. § 5574(a)(3); see State v. A.P., 2021 VT 90, ¶ 12. This plain language indicates that the VIPA requires more than a vacated conviction or dismissed charge based on any reason—the plaintiff's conviction must have been vacated because of actual innocence. As described above, the only enumerated basis in chapter 182 for a plaintiff to be proved innocent is by the procedure for postconviction DNA testing set forth in subchapter 1. 13 V.S.A. §§ 5561-5570.

¶ 19. Other provisions of the VIPA support our conclusion. Section 5576(a) requires an action under the VIPA to be commenced "within three years after the person is exonerated pursuant to subchapter 1 of this chapter." (Emphasis added). Similarly, § 5577(a) requires "a court . . . exonerating a person pursuant to subchapter 1 of this chapter through vacating or reversing the person's conviction" to provide a copy of subchapter 2 to such person. (Emphasis added). These provisions demonstrate that the right of action contained in subchapter 2 is limited

8

to individuals whose convictions were vacated by reason of DNA testing. If anyone imprisoned under a conviction that was vacated could sue for compensation regardless of the basis for the reversal, it would follow that anytime a court vacated an individual's conviction they must be notified of their rights under the VIPA. However, that is not provided for in the statute. Further, plaintiff's interpretation would potentially lead to inconsistent limitations periods for bringing compensation claims depending on the basis for exoneration, a result we doubt the Legislature intended.

¶ 20. The language of the VIPA is clear and unambiguous: only plaintiffs exonerated as a result of DNA testing may file an action for compensation under the VIPA. We therefore need not address plaintiff's arguments regarding legislative history and public policy. Town of Pawlet, 2022 VT 4, ¶ 21. Furthermore, plaintiff did not raise these arguments below and therefore failed to preserve them for our review. See Progressive Ins. v. Brown ex rel. Brown, 2008 VT 103, ¶ 6, 184 Vt. 388, 966 A.2d 666 (holding appellant must properly preserve argument on appeal by presenting argument to trial court "with specificity and clarity" (quotation omitted)). Plaintiff cannot pursue a remedy under the VIPA because his conviction was vacated due to ineffective assistance of counsel. The trial court therefore properly granted judgment on the pleadings in favor of the State.

Affirmed.

FOR THE COURT:

_____
Associate Justice

9